IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Darlene Ruff, | : | |
| Plaintiff | : | Case No. 2:07-cv-00292 |
| v. | : | Judge Sargus |
| Wal-Mart Stores East, LP, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for Plaintiff's motion to remand to the Franklin County Court of Common Pleas, Ohio, (doc. 13), and Defendant's motion in opposition. (Doc. 14.) For the reasons below, I recommend that Plaintiff's motion be DENIED.

<u>Background</u>

Plaintiff brought suit against Defendants in the Court of Common Pleas, Franklin County, Ohio, on March 5, 2007. (Doc. 3.) On April 6, 2007, Defendants filed a notice of removal with this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 2, p. 2, ¶ 8.) On June 29, 2007, Plaintiff moved to remand the case to State court, (doc. 13), to which Defendants filed a brief in opposition on July 6, 2007. (Doc. 14.) Plaintiff has not filed a response.

Plaintiff's complaint alleges that Plaintiff bought a 13-inch Sylvania VCR/television combination for personal use from a Wal-Mart retail store, the item was

manufactured by Osram Sylvania, Inc. and Osram Sylvania Products, Inc. (and/or John Doe Entities), that the item was defective, and that after following instructions to reset the item it exploded and caught on fire, which resulted in damages to Plaintiff. (Doc. 3, ¶¶ 6-12.) Plaintiff's Complaint raises ten counts for relief against Defendants. (Doc. 3, pp. 3-11.) Plaintiff's Complaint prays for compensatory damages "in excess of Twenty-Five Thousand Dollars," jointly and severally, with regards to Count One through Eight (Doc. 3, p. 11.) Plaintiff's Complaint also prays for punitive and/or exemplary damages with regards to Counts One, Two, Four, Five, and Six, in excess of Twenty-Five Thousand Dollars jointly and/or severally. (*Id.*) In addition, the Complaint prays for, *inter alia*, the compensatory damages be trebled pursuant to O.R.C. § 1345.09(B) in regards to Count Nine and for reasonable attorneys fees pursuant to O.R.C. § 1345.09(F).

Plaintiff's motion to remand to State court argues that although the retail value of the damaged personal property exceeds Seventy-Five Thousand Dollars, the actual cash value of Plaintiff's damaged personal property does not exceed this amount after considering depreciation. (Doc. 13, pp. 2-3.) Plaintiff then concludes that the case must be remanded since the amount in controversy is less than Seventy-Five Thousand Dollars, which is required for diversity jurisdiction pursuant to 28 U.S.C. §§ 1447(c), 1332(a). (*Id.*, pp. 1-3.) Defendants' motion in opposition argues that on the face of the complaint the amount Plaintiff demands exceeds the amount in controversy requirement. (*See* Doc. 14, pp. 3-4.)

Law

28 U.S.C. 1441 (a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." United States District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). A case removed from a State court may be remanded by the District Court to which it was removed. *See* 28 U.S.C. § 1441(c).

A defendant that attempts to remove a case bears the burden of satisfying the amount in controversy requirement of 28 U.S.C. § 1332. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Generally, in determining the amount in controversy "the sum claimed by the plaintiff controls." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford*, 997 F.2d at 156). However, "where [a] plaintiff[] seek[s] 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (quoting *Gafford*, 997 F.2d at 158.) Also, it is settled in the Sixth Circuit that "jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond Plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 375

3

(6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). In addition, attorneys' fees may be included to determine the amount in controversy where a statute in question expressly allows for the payment of attorney fees. *Id*. at 376 (citing *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975)). Further, "[t]he district court has 'wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Greenwood v. Delphi Automotive Systems, Inc.*, 197 F.R.D. 597, 598 (S.D. Ohio 2000) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted)).

## Discussion

Plaintiff's complaint on its face explicitly indicates that the amount in controversy is over Seventy-Five Thousand Dollars. Plaintiff complaint demands compensatory damages in excess of Twenty-Five Thousand Dollars jointly and/or severally against Defendants and to have it trebled. Plaintiff also demands attorneys' fees pursuant to O.R.C. § 1345.09(F). In sum, Defendants easily met their burden in light of the existing precedent.

Plaintiff's argument that the net value of its personal property is less than the amount in controversy has long been recognized as unhelpful as a matter of law. *See Williamson,* 481 F.3d at 375. In other words, Plaintiff's argument that the net value of its personal property is less than the amount in controversy reflects an act of Plaintiff's own volition post-removal. *Id*. Plaintiff has also failed to consider that it demanded attorney fees pursuant to a statutory provision.

4

Accordingly, I recommend that Plaintiff's motion to remand be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge