UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARLENE RUFF,

Plaintiff,

vs.

Case No. 2:07cv292
District Judge Sargus
Magistrate Judge Abel

WAL-MART STORES EAST, LP, ET AL.,

Defendants.

OPINION AND ORDER

Plaintiff Darlene Ruff (Ruff or Plaintiff) originally filed this action on March 5, 2007, in the Court of Common Pleas of Franklin County, Ohio, (Case No. 07CVB-03-3216) against Defendant Wal-Mart Stores East, LP (Wal-Mart) doing business as Wal-Mart or Wal-Mart Supercenter in Reynoldsburg, Ohio, and Defendants Orsam Sylvania Inc., Orsam Sylvania Products Inc., and two "Doe Entities" identified as affiliates, subsidiaries and/or parent companies who manufacture or import electronic products and appliances for the same (Orsam-Sylvania). Comp., Doc. 3, p. 2. Plaintiff alleges that on November 26, 2004, she purchased a "13-inch Sylvania VCR/television combination device" manufactured by Defendant Orsam-Sylvania from Defendant Wal-Mart's Supercenter in Reynoldsburg and that on March 4, 2005, during operation of the VCR/television device in accordance with her instructions from Orsam/Sylvania, the device "exploded and caught fire," resulting in damages in excess of $25,000 from loss of personal property. Id., pp. 1-2. On April 6, 2007, Defendants then removed the case to this court pursuant to the provisions

of 29 U.S.C. §§ 1332 and 1441, asserting diversity of citizenship among the parties and an amount in controversy exceeding $75,000. Notice of Rem., Doc. 2. Motion to remand (Doc. 13) having since been denied (Docs. 17, 18), the case is now before the Court on Defendants' Motion for Summary Judgment filed November 26, 2008, considered together with the parties memoranda in support and opposition. Docs. 24, 25, 27.

The Complaint in this case (Doc. 3) sets out ten separate claims for alleged entitlement to recovery against one or the other or both of the Defendants, relying on various provisions of Ohio's statutory and common law. Count One is against the Orsam/Sylvania Defendants for manufacture of a defective product, in violation of Ohio's Products Liability Act, R.C. §2307.71, et seq. Count Two is against the Wal-Mart Defendants for sale of a defective consumer product, in violation of Ohio's Products Liability Act, R.C. §2307.71, et seq. Count Three is against all of the defendants for negligent breach of their duties toward Plaintiff to design, produce, and/or sell consumer products that are free from defects. Count Four is against the Wal-Mart Defendants "under the common law doctrine of strict products liability" for actions in sale of the product causing Plaintiff's damages. Count Five is against the Orsam/Sylvania Defendants "under the common law doctrine of strict products liability" for actions in design and manufacture of the product causing Plaintiff's damages. Count Six is against the Orsam/Sylvania Defendants as "strictly liable for their failure to warn Plaintiff" that the VCR/television device in question was defective. Count Seven is against Orsam/Sylvania Defendants for negligence in

failing to warn Plaintiff" that the VCR/television device in question was defective. Count Eight is against the Orsam/Sylvania Defendants for "breach of implied warranty in tort" with respect to the VCR/television device in question. Count Nine is against the Wal-Mart Defendants as a seller engaged in an unfair and/or deceptive sales practice, in violation of the Ohio Consumer Sales Practices Act, R.C. §1345.01, et seq., and rules adopted pursuant thereto. Count Ten is against the Orsam/Sylvania Defendants for breach of "their express warranty for the Sylvania TV" in question.

Defendants' Motion for Summary Judgment (Doc. 24) expressly relies on Ohio Rule of Civil Procedure 56. Although in considering this diversity case, the Court does apply the substantive law of the State of Ohio, the Court relies on federal law to decide procedural questions. See Imperial Hotels Corp. v. Dore, 257 F.3d 615, 620 (6th Cir. 2001); see also Winn v. Schafer 499 F.Supp.2d 390, 394 n.8[1] (S.D.N.Y. 2007). Thus, guidance for the Court's consideration of Defendants' motion here is to be found in the Federal Rules of Civil Procedure and federal case law interpreting them.

In accordance with the provisions of Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and ad-

---

1. "See *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). See also *Hogan v. Wal-Mart Stores, Inc.*, 167 F.3d 781, 783 (2d Cir.1999) ("Defendant is correct that we must apply New York 'substantive' law to this diversity case. In matters of 'procedure,' however, federal law governs." (citing *Gasperini*, 518 U.S. at 427, 116 S.Ct. 2211, and *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)))."

missions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); accord, Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282,

4

286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. Anderson, 477 U.S. at 251; see Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995); see also Matsushita, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

As noted above, this Court applies the standards of this procedural analysis to the substantive law of the State of Ohio as interpreted by its highest court (see Northland Ins. Co. v. Guardsman Products, Inc., 141 F.3d 612, 617 (6th Cir. 1998)), that is, "in accordance with the then-controlling decision of the highest court of the state." Imperial Hotels Corp. v. Dore, 257 F.3d 615, 620 (6th Cir. 2001) (quoting Pedigo v. UNUM Life Ins. Co., 145 F.3d 804, 808 (6th Cir. 1998)).

> "To the extent that the state supreme court has not yet addressed the issue presented, it is [the federal courts'] duty to anticipate how that court would rule." *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir.1994) (citing *Mahne v. Ford Motor Co.*, 900 F.2d 83, 87 (6th Cir.1990)).

Imperial Hotels Corp. at 620. That is,

> .... the federal court must ascertain from all available data what the state law is and apply it. If the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

Northland Ins. Co. at 617 (quoting Clutter v. Johns-Manville Sales Corp., 646 F.2d 1151, 1153 (6th Cir. 1981)). These principles become important to the Court's consideration of Defendants' motion here because there have been significant changes

in Ohio law applicable to products liability claims of the sort presented by Plaintiff's claims in this case, and it matters when they arose.

The Ohio Product Liability Act, R.C. §2307.71, et seq., as originally enacted in 1988 provided that

> [a] product is defective in design or formulation if 1) the foreseeable risks associated with its design or formulation exceed the benefits, or 2) it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

O.R.C. § 2307.75(A)(1)-(2). The latter portion of that definition, i.e., (A)(2), was removed by amendment included as part of tort law reforms contained in Am. Sub. H.B. No. 350 of the 121st Ohio General Assembly effective January 27, 1997. However, the Ohio Supreme Court subsequently held that "Am.Sub.H.B. No. 350 violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution, and is unconstitutional in toto," State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 452, Syllabus 3 (8-16-99), thus effectively abrogating H.B. 350's various amendments, including those to the R.C. § 2307(A)(2) "consumer expectation" standard. See Gumnitsky v. Delta Intern. Machinery Corp., 411 F. Supp.2d 756, 762 n. 2. (N.D. Ohio, 2005). This was confirmed by General Assembly action in Senate Bill 108, effective July 6, 2001.

In the meantime, that is after H.B. 350 became effective in January 1997 but before the Academy of Trial Lawyers ruling in August 1999, the Ohio Supreme Court decided Carrel v. Allied Products Corp. , 78 Ohio St.3d 284 (4-23-97), holding that "the common-law action of negligent design survives the enactment of the Ohio Products Liability Act, R.C. 2307.71 et seq." (Id. at 289); and Ohio courts have sub-

6

sequently interpreted that holding to indicate survival of all common-law products

liability causes of action unless specifically covered by the Products Liability Act.

> . . . . In *Carrel*, the court held that the common-law cause of action for negligent design "survives the enactment of the Ohio Products Liability Act" even though the act does not specifically mention negligent design. *Id.* at paragraph one of the syllabus. The broader implication of this holding – and the clear message of *Carrel* – is that <u>the products liability act is not the exclusive basis for tort-based product liability claims</u>. *Id.* 78 Ohio St.3d at 289, 677 N.E.2d at 799-800. "[I]n the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force. * * * There is no repeal of the common law by mere implication." *Id.* at 287.

<u>White v. DePuy, Inc.</u>, 129 Ohio App.3d 472, 479, 718 N.E.2d 450, 455 (Ohio App. 12

Dist.,1998) (emphasis supplied).

The Ohio law of products liability was then modified to essentially its present

form by Senate Bill 80, effective April 7, 2005, which again removed the "consumer

expectation" standard from R.C. § 2307(A)(2) (to appear instead as a new subsection

(B)(5)), and expressly superceding the holding of the <u>Carrel</u> case and abrogating "all

common law product liability causes of action." S.B. 80 (150 v S 80) §§ 1, 3(D); R.C.

§ 2307.71(B). As respects this case, however, it is the former version of Ohio pro-

ducts liability law that properly applies. See <u>Doty v. Fellhauer Elec., Inc.</u>, 175 Ohio

App.3d 681, 686 (Ohio App. 6 Dist., 2008), and cases there cited.

> . . . In *Hertzfeld v. Hayward Pool Prods., Inc.*, 6th Dist. No. L-07-1168, 2007-Ohio-7097, 2007 WL 4563446, this court rejected the appellee's argument that the appellant's common-law liability claims had been abrogated by R.C. 2307.71(B). We stated: "That section was added by S.B. 80, and was not effective until April 7, 2005. The instant cause of action arose on June 1, 2003, when appellants were injured. Therefore,

the state of products liability law as of the date the cause of action arose applies." *Id.* at ¶ 56.

Ibid. In the present case, the cause of action arose on March 4, 2005, when the VCR/television device Plaintiff purchased the previous November allegedly caught fire resulting in her claimed loss of personal property. Doc. 3, pp. 1-2. Therefore, both the "consumer expectation" standard of former R.C. § 2307(A)(2) and common law causes of action not clearly superceded by express provisions of the former products liability statutes may properly be applicable to support Plaintiff's claims.

The Defendants' motion in this case is extremely brief; the supporting memorandum is less than 2 1/2 pages and it relies on nothing but Plaintiff's Complaint and her failure to produce expert testimony in support of her claims. (No additional materials such as depositions, answers to interrogatories, admissions, or affidavits are even mentioned.) Further, on its face, the motion addresses only those claims of the Plaintiff "made under the Ohio Products Liability statutes and sections 2307.71 *et seq.* of the Ohio Revised Code." Doc. 24, p.2. The essential thrust of Defendants' argument is that none of Plaintiff's claims[2] are the kind that can be proved by circumstantial evidence, that expert testimony is required to prove any of them, and that Plaintiff has failed to offer "evidence of any kind, let alone circumstantial, to

_____

2. The parties disagree about whether Defendants have sought summary judgment on all Counts of the Complaint and, if not, whether they have now waived such claims. Defendants' arguments that "Plaintiff's proof is wholly inadequate to support any claim against these Defendants" (Doc. 24, p. 3, emphasis supplied) and that Plaintiff's "numerous causes of action" are no more than "creative pleading" of the same "product liability claim" (Doc. 27, p. 3) considered together with their unrestricted claim of entitlement to "summary judgment" lead the Court to conclude that Defendants' motion, however summarily, does apply to all Counts of Plaintiff's Complaint.

support any claim of design or manufacturing defect." Id. at 3.

Plaintiff's response points out and defends the fact that her Complaint's contains more than merely statutory products liability claims, and, in addition, she submits her affidavit attesting to personal knowledge of the events upon which her Complaint is based, as well as a copy of the National Fire Incident Report of the Whitehall Division of Fire for the home fire she alleges cause her damages. Doc. 25, Exhs. A, B. In reply, Defendants continue to argue that all of the Plaintiffs' claims amount to product liability claims requiring that she produce expert testimony to show there was a defect in a TV/VCR combo manufactured and sold to her by the Defendants.[3]

> Under § 2307.75(A) of the Ohio Products Liability Act as applicable here:
>
> "A product is defective in design if (1) the foreseeable risks of the
> design exceed the benefits, or (2) the product is more dangerous than
> an ordinary consumer would expect when used in a reasonably fore-
> seeable way." *Clay*, 215 F.3d at 669 (citing O.R.C. § 2307.75(A)
> (Anderson 1995)).

Gumnitsky, 411 F.Supp.2d at 762 (footnote omitted). Cases applying this statute do not suggest that proof of such a claim necessarily requires either direct or expert evidence.

> "[U]nder the consumer-expectation standard, evidence of unsafe, un-
> expected product performance is sufficient to infer the existence of a
> product defect." *State Farm Fire & Cas. Co.*, at 7, 523 N.E.2d at 494-

---

3.. The Defendants' concluding claim is: "As plaintiff has produced no expert testimony whatsoever to demonstrate that there is any defect in the TV/VCR combo, plaintiff's claims, no matter how couched, must be dismissed as a matter of law." Doc. 27, p. 5.

495. Furthermore, the question of what an ordinary consumer expects in terms of the risks posed by the product is generally one for the trier of fact. *Welch Sand & Gravel, Inc. v. O & K Trojan, Inc.* (1995), 107 Ohio App.3d 218, 225, 668 N.E.2d 529, 533-534

\* \* \*                              \* \* \*                              \* \* \*

. . . . While it will often be necessary for a plaintiff bringing a design defect claim to present expert testimony in support of that claim, <u>expert testimony is not always required to prove the material elements of a design defect claim</u>. See *Porter, supra*. In some cases, circumstantial evidence alone, without expert testimony, will suffice to document the existence of a design defect. *Grover Hill Grain Co. v. Baughman-Oster, Inc.* (C.A.6, 1984), 728 F.2d 784, 794

<u>Atkins v. Gen. Motors Corp.</u>, 132 Ohio App.3d 556, 563-64, 725 N.E.2d 727, 733-34

(Ohio App. 2 Dist.,1999) (emphasis supplied).

> [w]here direct evidence [of a product defect] is unavailable, a defect in a manufactured product existing at the time the product left the manufacturer may be proven by circumstantial evidence where a preponderance of that evidence establishes that the loss was caused by a defect and not other possibilities, although not all other possibilities need be eliminated.

<u>State Farm Fire & Cas. Co. v. Chrysler Corp.</u>, 37 Ohio St.3d 1, 5; (quoted in <u>Najib v. Meridian Medical Technologies, Inc.</u>, 179 Fed.Appx. 257, 260, 2006 WL 1133299, \*3

(6th Cir. 2006).

> The second element of a design defect claim – that the defect existed at the time the product left its manufacturer's control – can be inferred from a showing that there has been no "substantial change in the condition in which the product was sold." *State Farm Fire & Cas. Co., supra.* This can be established by showing that the product was not tampered with. *McDonald v. Ford Motor Co.* (1975), 42 Ohio St.2d 8, 11, 71 O.O.2d 4, 6, 326 N.E.2d 252, 254.

\* \* \*                              \* \* \*                              \* \* \*

> Finally, in order to establish the third element of a design defect claim, causation, a plaintiff must prove, by a preponderance of the evidence, that some aspect of the challenged design rendered the

product's performance less safe than the ordinary consumer would expect, resulting in injury. *State Farm Fire & Cas. Co., supra.*

Atkins v. Gen. Motors Corp., 132 Ohio App.3d at 563).

Further, the Court finds that the same rules apparently apply to other products liability claims arguably asserted by Plaintiff's Complaint. Under O.R.C. § 2307.74, "[a] product is defective in manufacture or construction if,[1] when it left the control of its manufacturer, [2] it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards." In White v. DePuy, Inc., quoted above, the court described the statutory cause of action under R.C. 2307.74 as having elements in common with the similar, but distinguishable, common-law implied warranty/strict-liability-in-tort cause of action.

> . . . . At common law, the elements of an action based on strict liability in tort, and thus for breach of implied warranty, are:
> " '(1) [the existence of] a defect in the product manufactured and sold by the defendant;
> " '(2) such defect existed at the time the product left the hands of the defendant; and
> " '(3) the defect was the direct and proximate cause of the plaintiff's injuries.' "
> *Temple,* 50 Ohio St.2d at 321, 4 O.O.3d at 468, 364 N.E.2d at 270, quoting *State Auto Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 156, 65 O.O.2d 374, 377, 304 N.E.2d 891, 895.
> A defect is considered to exist in a product that is not " 'of good and merchantable quality, fit and safe for * * * [its] ordinary intended use.' " *Temple,* at 321, 4 O.O.3d at 468, 364 N.E.2d at 270, quoting *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 235, 35 O.O.2d 404, 409, 218 N.E.2d 185, 191. Defects in products may be

> proven by direct or circumstantial evidence. *State Farm Fire & Cas.*
> *Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 6, 523 N.E.2d 489, 493.
> "Where direct evidence is unavailable, a defect in a manufactured pro-
> duct existing at the time the product left the manufacturer may be
> proven by circumstantial evidence where a preponderance of that evi-
> dence establishes that the loss was caused by a defect and not other
> possibilities, although not all other possibilities need be eliminated."
> *Id.*

129 Ohio App.3d at 480-81 (emphasis supplied). The court there further notes that

proof under the common law does not entail the additional burden placed on plain-

tiffs by the statute, R C. §2307.74, to show that a product deviates from "design spe-

cifications, formula, or performance standards of the manufacturer, or from other-

wise identical units" (Ibid.), thus perhaps making some of this Plaintiff's separate

common-law claims easier to prove than statutory ones.

Plaintiff's evidential submissions in defense of her Complaint are not ex-

tensive, much less conclusive. At this point, however, they are not required to be,

especially as they are uncontroverted by anything submitted by Defendants. Con-

trary to Defendants' claims, much of Plaintiff Ruff's affidavit constitutes direct,

rather than circumstantial, evidence; and, in any event, circumstantial evidence

may be sufficient to support most, if not all,[4] the elements of her claims. Further,

the fact that such evidence may be considered self-serving goes to its weight, not its

admissibility, and does prevent it from amounting to more than the mere scintilla

---

4. In Najib, referred to above, the Sixth Circuit notes that under Ohio law, "circumstantial evi-
dence is insufficient to prove negligence." 179 Fed. Appx. at 261, 2006 WL 1133299, *4
(citing Gast v. Sears Roebuck & Co., 39 Ohio St. 2d 29, 313 N.E. 2d 813, (1974) (proof of
defect in television set at the time it left the manufacturer's control insufficient
alone to raise an inference of manufacturer's negligence).

necessary to defeat a motion for summary judgment. Plaintiff's evidence may not

hold up at trial, but at this point, it is sufficient to support several of her claims for

damages that allegedly resulted from the unexpected, gross mis-performance (more

dangerous than an ordinary consumer would expect) of a nearly new and unabused

home TV/VCR device manufactured by one of the Defendants and sold at retail by

the other. The device here may not be as simple as a balloon (cf. Porter v. Gibson

Greetings, Inc. , (Ohio App. 2nd. Dist., 12-12-97, unpub.) 1997 WL 761851) or a

ladder (cf. Caserta v. Holland Ladder & Mfg. Co., (Ohio App. 10th Dist., 6-30-00,

unpub.) 2000 WL 868570), but in an uncontroverted defense of her Complaint here,

the Court finds Plaintiff's submissions sufficient to withstand Defendants' motion

for summary judgment, except as noted below.

Defendants' motion does not separately address these points, but the Court's

examination has disclosed the following. Counts Three and Seven Seven of the

Complaint are apparently based on the Defendants' alleged common law negligence

in failing to design, manufacture, and/or sell consumer defects free from defects and

Orsam/Sylvania Defendants' alleged common-law negligence in failing to warn of

such defects. Plaintiff's submissions here contain no direct, only circumstantial,

evidence of such negligence and, as noted in the footnote above, circumstantial

evidence is not sufficient. Further, Count Nine alleges that Defendant Wal-Mart

violated the Ohio Consumer Sales Practices Act (O.R.C. §§ 1345.01, et seq.), but

Plaintiff's submissions identify no actions by Wal-Mart other than advertising the

TV/VCR device for sale and selling one to her, neither by itself a deceptive or un-

13

consciousnable sales practice under the Act.  Defendants' motion will therefore be granted as to those counts.

Consistent with the foregoing, Defendants' Motion for Summary Judgment (Doc. 24) is DENIED, except for Counts Three, Seven and Nine as to which the motion is GRANTED, and said counts are hereby DISMISSED.

IT IS SO ORDERED.

 9- 29-2009

Dated

Edmund A. Sargus, Jr.
United States District Judge