# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DARLENE RUFF,**
    Plaintiff,

-V-                                    Case No. C2-07-292
                                           JUDGE SARGUS
                                           Magistrate Judge Abel

**WAL-MART STORES EAST, LP, ET AL.,**
    Defendants.

## ORDER SETTING TRIAL DATE
## AND SETTLEMENT CONFERENCE

      Counsel shall carefully read this Order, note the deadlines set forth in the Schedule Summary below and in the body of this Order, and adhere to it.

**Summary:**

| | |
|---|---|
| November 17, 2009 | Confidential assessment for settlement conference. See Section B for an explanation, and also for the parties' obligations prior to and during the Settlement Conference. |
| November 24, 2009 Tues., 2:00 pm | Settlement conference. Parties shall inform the Court whether they intend to handle exhibits electronically. The Courtroom which will be used for the trial is fully equipped to handle electronic exhibits. |
| November 30, 2009 | Statement of witnesses, designations of deposition portions, and exhibit lists. Proposed case-specific jury instructions to be served on opposing counsel. (If the case will not be tried to a Jury, counsel shall disregard this provision and other provisions of this Order relating to Jury issues). |
| December 7, 2009 | Stipulations. Motions in limine. Agreed upon jury instructions and proposed case-specific jury instructions. |
| December 14, 2009 | Memoranda contra motions in limine. Objections to case-specific jury instructions. |
| December 21, 2009 | Final pretrial order due. General areas of questions for voir dire. |
| December 29, 2009 9:00 am | Final pretrial conference. |
| January 11, 2010 | Voir dire, Trial - opening statements, presentation of evidence. |

A.      **Trial Date.**

This matter is set for a final pretrial conference on **Tuesday, DECEMBER 29, 2009 at 9:00 a.m.**  Voir dire[1] shall begin on **Monday, JANUARY 11, 2010 at 9:00 a.m.**  Trial shall begin **immediately following voir dire.**  Fed. R. Civ. P. 40; S.D. Ohio L.R. 40.1.  The Court will follow a <u>four day per week trial schedule</u>, conducting the trial of this case from Monday through Thursday of each week until completion of the trial, and reserving Fridays for other matters.

The Court **will not continue the trial date except upon written motion supported by an affidavit** demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

The Court uses a trailing docket, setting three to five civil cases to begin on the same day.  Cases are tried in the order they were filed.  If a case set for the same day goes to trial, then the parties and counsel in the next case shall remain prepared to go to trial on a standby basis for a period of two weeks unless the Court orders otherwise.

Under the Speedy Trial Act, 18 U.S.C. § 3161-3174, and Fed. R. Crim. P. 50(a), the Court will give preference to any criminal matters it has set to take place the same time as the trial in this case.  Fed. R. Civ. P. 40.

---

[1] Provisions concerning voir dire and jury instructions do not apply in non-jury cases.  Counsel shall inform the Court immediately if this is a non-jury case or if there is a controversy concerning whether a jury trial is required.

B.  **Settlement Conference.**

**This case is set for a settlement conference on Tuesday, NOVEMBER 24, 2009 at 2:00 p.m.** under Fed. R. Civ. P. 16(a)(5) and (c)(9) before The Honorable Edmund A. Sargus, Jr., United States District Court, 85 Marconi Boulevard, Room 301, Columbus, Ohio 43215.

Counsel and the parties shall adhere to the following with respect to the settlement conference:

(1) The trial attorney for each party must attend the conference.

(2) The parties or principals with settlement authority shall be present. Fed. R. Civ. P. 16(c). In rare instances, the Court may permit a party to be available by telephone.

(3) Lack of discovery or settlement authority will not excuse active participation in the conference.[2]

(4) No later than **fourteen (14) days** before the conference, each plaintiff must submit to counsel for all opposing parties a fully documented, written settlement demand; and

(5) No later than **ten (10)** days before the conference, each opposing party must respond, in writing, to each settlement demand fully documenting that party's position.

(6) No later than **seven (7)** days before the conference, each party shall submit directly and only to Chambers a letter (**Confidential Assessment**), not to exceed three pages, (a) explaining the party's theory of the case, (b) indicating its position on settlement (in monetary terms, if applicable), and (c) setting forth all conditions necessary to achieve

---

[2] If the parties have requested extensions of time in which to file memoranda for dispositive motions, the fact that the Court has not yet ruled on the pending motions will not excuse active participation in settlement.

settlement (including non-monetary terms).

(7) Before the conference counsel shall discuss with their clients whether this case would be appropriate for alternative dispute resolution. Fed. R. Civ. P. 16(c)(9); S.D. Ohio L.R. 16.3.

Any questions regarding the settlement conference should be addressed to the Court's Law Clerks, Beth Preston-Deavers or Michelle Pfefferle, at (614) 719-3240.

**Expert Witnesses.** The parties shall comply fully with all of the requirements of Fed. R. Civ. P. 26(a)(2), including the required disclosures at least **ninety (90) days before the trial unless an earlier date has been set by a scheduling order issued by the Magistrate Judge.**

**Statement of Witnesses.** Pursuant to Fed. R. Civ. P. 26(a)(3)(A), on or before **November 30, 2009**, the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witnesses they intend to call at trial, with a brief summary of the witness' testimony (two to three sentences), the purpose of that testimony, and the major issue about which the witness will testify. Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial.

The witness lists shall comport with all of the requirements of Rule 26(a)(3)(A).

**Designation of Deposition Portions.** Pursuant to Fed. R. Civ. P. 26(a)(3)(B), on or before **November 30, 2009**, the parties shall submit to the Court, and serve on opposing counsel, the designations of any portions of depositions they intend to offer as evidence at

trial.[3] Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a deposition at trial. The designation of deposition portions shall comport with all of the requirements of Fed. R. Civ. P. 26(a)(3)(B).

**Exhibits.** The parties shall mark their documentary or physical evidence in advance of trial. Pursuant to Fed. R. Civ. P. 26(a)(3)(C), each party shall exchange and file, on or before **November 30, 2009**, a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial. The exhibit lists shall comport with all of the requirements of Rule 26(a)(3)(C).

The parties shall attempt to agree to the authenticity and admissibility of documents. Those documents the parties agree should be presented to the jury shall be marked as Joint Exhibits.

The Court strongly encourages the parties to utilize the electronic courtroom technology for presentation of evidence. The parties shall report to the Court, by joint submission, on or before **November 24, 2009** to confirm their intent to use the technology.

In all cases, the parties are required to submit only one (1) copy of exhibits in a three-ringed tabbed notebook. The notebook shall be delivered to the Courtroom Deputy, Mr. Andy F. Quisumbing, two (2) days before the trial. The parties are also required to provide one (1) copy of their exhibits to opposing counsel. If the parties are not utilizing the Court's complete electronic technology, they shall present their exhibits by using the document cameras (ELMO) located at counsel tables.

---

[3] Do not designate portions to be used only for impeachment on cross-examination.

**Stipulations.** Counsel for the parties shall make any and all stipulations pursuant to Fed. R. Civ. P. 16(c)(3). Any stipulations shall be filed on or before **December 7, 2009.**

**Pretrial Motions.** Any motions in limine, including objections under Fed. R. Civ. P. 26(a)(3), shall be filed on or before **December 7, 2009**. A party's motions in limine and memoranda in support shall not exceed a total of ten (10) pages in length. The memoranda contra any motions in limine shall be filed on **December 14, 2009.** The memorandum contra shall not exceed a total of ten (10) pages in length. The Court will not accept any reply memoranda.

**Jury Instructions.**[4] The Court will prepare <u>preliminary</u> and <u>general</u> jury instructions.[5] The parties shall concentrate their efforts on any unusual or case-specific instruction areas.

**1) Proposed Jury Instructions.** The parties shall submit jointly one set of proposed jury instructions which contains the parties agreed upon case-specific instructions, and, in the event the parties cannot agree on an instruction, each party's own individual proposed case-specific instruction. To this end, counsel shall adhere to the following procedures:

a) The parties shall serve their proposed jury instructions on each other on or before **November 30, 2009;**

b) Counsel then shall meet, confer and agree on proposed case-specific jury instructions;

c) If, <u>after concerted good faith effort</u>, the parties are unable to agree upon a particular case-specific instruction, each party shall propose its own version. Plaintiff's version shall be presented first, immediately followed by Defendant's version of the jury instruction, complete with pinpoint citations to binding authority. Each version, Plaintiff's and Defendant's, shall appear together on one page for ready comparison. Versions of longer instructions (over one page)

---

[4] <u>See</u> footnote 1, <u>supra</u>.

[5] A copy of the Court's general jury instructions is available from the Court's secretary upon request.

> shall appear one after another. A party may indicate its general objection to the giving of the proposed instruction.

d) Proposed case-specific jury instructions shall be submitted to the Court on or before **December 7, 2009**.

All instructions shall be concise, understandable and neutral. Further, counsel shall at a minimum <u>agree on a common index</u> and the proposed instructions from all parties shall correspond to the index. For jury instructions concerning federal law, the Court strongly prefers that the parties use the latest edition of Hon. Edward J. Devitt, Hon. Charles B. Blackmar, Michael A. Wolff, and Kevin F. O'Malley, <u>Federal Jury Practice and Instructions</u> (West). For instructions concerning Ohio law, the Court strongly prefers that the parties use the latest edition of <u>Ohio Jury Instructions</u> (Anderson). The Court, however, welcomes any effort by counsel to make the instructions from these sources more direct, understandable, and concise.

**2) Objections.** Where the parties have not agreed on an instruction, objections to the opposing party's proposed jury instruction are due on or before **December 14, 2009**. The objections shall appear in the same order and mirror the title and number of the proposed joint jury instructions to which they refer.

**Final pretrial Order.** The parties shall submit a joint proposed final pretrial order, using the attached form, on or before **December 21, 2009**. The parties may submit their joint proposed final pretrial order to Chambers or attach it to an e-mail directed to Sargus_Chambers@ohsd.uscourts.gov.

**Trial Briefs.** The Court will not require the parties to file trial briefs in this case.

**Citation of Authority.**  The following rules shall apply to all papers filed with the Court in this case, including pretrial motions and supplemental jury instructions.  On issues of federal law the Court strongly prefers that the parties cite only: the United States Constitution; United States statutes (including Federal Rules), treaties, or regulations; decisions by the United States Supreme Court; or decisions by the Sixth Circuit Court of Appeals.

The Court strongly prefers the citation of non-binding federal authorities <u>only</u> if there are no binding authorities on point.  Should counsel feel that due diligence requires citation of non-binding authorities in addition to on-point binding authority, then counsel shall cite the non-binding authorities only in an appendix of supplemental authorities, with a one-sentence parenthetical explanation for each such cite.  The Court strongly prefers that the parties cite only decisions by federal circuit courts of appeal if they must cite non-binding federal law.

On issues of Ohio law, the Court strongly prefers that the parties shall cite only: the Ohio Constitution; the Ohio Revised Code; decisions by the Ohio Supreme Court; decisions by the Sixth Circuit Court of Appeals construing Ohio law; or, if no binding authorities are available, published decisions by Ohio courts of appeal.  The parties should cite other non-binding authorities only if there are no Ohio authorities on point.  If there are binding authorities on point, but counsel nevertheless feels that due diligence requires citation of non-binding authorities, then counsel shall cite the non-binding authorities only in an appendix of supplemental authorities, with a one-sentence parenthetical explanation for each such cite.

**Computer Disks.**  The Court encourages the parties to submit on three and one-half inch computer disks: (1) all proposed jury instructions; (2) all potentially case-dispositive motions, as well as the memoranda in support of and in opposition to such motions; and (3) any memoranda that exceeds five pages in length.  The parties may submit such disks directly

to chambers in care of the Court's law clerks.[6]

**Voir Dire. The parties shall submit, in writing, questions they propose to ask during voir dire,** on or before **December 21, 2009**. The Court will review these questions with counsel at the final pretrial conference.

The whole panel of prospective jurors (i.e. those in the jury box and those seated in the rear of the courtroom) will be examined collectively. The Judge will conduct most of the voir dire examination. The Court will allow counsel to follow-up briefly on the Court's examination. Fed. R. Civ. P. 47(a).

After voir dire the Court will conduct a hearing to consider challenges for cause and peremptory challenges. Each prospective juror is assigned a number by the Clerk's Office. A list of the jurors' names and numbers is available to counsel prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaires which are on file in the Clerk's Office. Counsel should examine these forms prior to the commencement of trial. Counsel should contact the Jury Deputy, Frances Green, (614) 719-3020, to obtain information about the availability of juror questionnaires.

The United States Magistrate Judge may conduct voir dire if other matters require the District Judge's immediate attention.

---

[6] The Court uses WordPerfect for Windows 10.0 with an IBM compatible system.

**Challenges.** The entire panel shall be challenged for cause.

Each party shall be entitled to three (3) peremptory challenges. 28 U.S.C. § 1870. The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used. Peremptory challenges will be directed to the entire jury panel.

**Jury.** In most civil cases the Court will seat a jury of eight (8) members. In accordance with Fed. R. Civ. P. 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous and no verdict shall be taken from a jury reduced in size to fewer than six (6) members.

**Trial Procedure.** Counsel shall adhere to the following guidelines:

1. Five to six hours of <u>uninterrupted</u> testimony should be presented every trial day.

2. The parties must raise all legal issues in advance of trial. The Court will not consider issues raised during the trial unless counsel shows that the matter could not have been raised sooner by the exercise of due diligence.

3. The Court strongly prefers not to interrupt the presentation of evidence to the jury to hold bench or chambers conferences.

4. If counsel makes an objection during the presentation of evidence to the jury, the Court may order examining counsel to proceed to other matters or call a different witness. The Court will then rule on the objection at a more convenient time.

5. Counsel shall inform the Court's law clerk if they wish to take a matter up with the Court during a break or recess.

After consultation with counsel, the Court may limit expert testimony, direct a party or

parties to present evidence on a particular issue early in the trial, or establish limits for the presentation of all evidence. Fed. R. Civ. P. 16(c)(4), (14), and (15); <u>see also</u> Fed. R. Evid. 611(a).

The Court may order bifurcation of liability and damages in complex cases. Fed. R. Civ. P. 42(b).

**Sanctions.** The parties and counsel shall comply fully and literally with this pre-trial order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

**Other Matters.** The Court will consider adopting any other pre-trial and trial management procedures upon which the parties agree. Fed. R. Civ. P. 16(c).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this order to the Court's Law Clerks, Beth Preston-Deavers or Michelle Pfefferle, (614) 719-3240, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

*/s/ Edmund A. Sargus, Jr.*

**EDMUND A. SARGUS, JR.**

**UNITED STATES DISTRICT JUDGE**

**DATE    10/05/2009**